## WILLIAMS v. SANDERSON.

### Opinion delivered October 17, 1921.

EVIDENCE—COMPETENCY.—In an action by a real estate broker against a purchaser of land to recover for services in the purchase of the land, testimony of a witness that he was present at an interview between plaintiff and the person who sold the land, offered merely for the purpose of proving that plaintiff was attempting to purchase the land for defendant's intestate, *held* competent.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

*Henry Moore,* for appellant.

The court erred in admitting the testimony of witness Hinton as to conversations had between appellee and Paup in the absence of appellant's intestate and in refusing appellant the right to introduce testimony to negative that of witness Hinton.

Appellee was acting as the agent of both parties without their knowledge and consent which is not permissible, 143 Ark. 1, and appellant's instruction based thereon should have been given.

*Jones & Head,* for appellee.

The case cited by appellant to support his contention that his instruction No. 2 should have been given is clearly against him. 82 Ark. 381.

McCULLOCH, C. J. Appellee presented in the probate court of Miller County a claim for allowance against the estate of appellant's intestate, and the case was tried in the circuit court on appeal, resulting in a verdict and judgment in favor of appellee for the allowance of the claim.

The claim of appellee is for the sum of $500 as commissions for services alleged to have been performed by him for the decedent in the purchase of a farm from W. W. Paup. There was no attempt in the trial below to establish an express agreement between appellee and appellant's intestate for the payment of a commission, but the testimony adduced by appellee tended to prove that decedent engaged his services in an effort to buy the farm from Paup, that appellee's services procured the purchase from Paup, which was duly consummated, that the price of the farm was about $50,000, and that the amount sued for was reasonable compensation for the services rendered. These issues were submitted to the jury upon correct instructions, and the verdict settled the issues in appellee's favor.

Error of the court is assigned in permitting witness Tom Hinton to testify concerning a conversation between appellee and Paup in the absence of appellant's intestate. The witness testified concerning interviews, at which he was present, between deceased and appellee, and between deceased, appellee and Paup, and also between appellee and Paup. The witness testified that he had two conversations with decedent in regard to appellee's services in this matter, in the first one of which witness advised decedent to get appellee to handle the matter with Paup, and in the second conversation decedent stated to witness that appellee was working on the matter and "was still trying to get it lined up." The witness also testified to being present at a conversation between decedent and Paup and appellee, in which Paup said, in connection with stating the price, that he would not pay any commission on the sale. The witness was then permitted to testify, over the objection of appellant, that he was present at an interview

between appellee and Paup concerning the purchase of the farm for appellant's intestate. Counsel for appellee offered this testimony merely for the purpose of proving that appellee was attempting to purchase the farm for decedent, and not for the purpose of proving the statements of Paup and appellee to each other. The court admitted the testimony for that purpose alone, and we are of the opinion that there was no error committed in that respect. There was no attempt to bind appellant's intestate by the statements made by appellee and Paup to each other, but this testimony tended to establish the fact that the efforts of appellee brought about the purchase of the farm from Paup and that the commission was earned.

The sale of the land by Paup was consummated by a joint deed to appellant's intestate and to C. R. Crank and Allen Winham. Appellant offered to prove by Crank and Winham that they were interested with appellant's intestate in the purchase of the farm, and that appellee had not presented any bill to them for compensation for making the purchase. The court was correct in excluding this testimony, for the reason that there was no contention on the part of appellee that he had performed the service at the instance of or for the benefit of Crank or Winham. The fact that he had not made any claim against those gentlemen for compensation had no probative force in determining whether or not appellee's claim against the estate of the decedent Williams was well founded.

It was developed in the testimony that, shortly after the consummation of the sale, Paup paid appellee the sum of $500, and the contention of appellant was that this was paid as commission on the sale, that the payment thereof demonstrated the fact that appellee was attempting to act for both parties, and was claiming a commission from each of them. Appellee and Paup each testified that the payment of $500 by the latter to the former was not as a commission on this sale, but was for other

services; and the court submitted that issue to the jury in instructions which told the jury that, if appellee was acting as agent for both parties in the transaction, he could not recover against the estate of Williams unless there was an express promise on the part of Williams to pay a commission with knowledge of the fact that appellee was acting as agent for both parties; but that, if the payment of $500 was not made as compensation for services in making this sale, it would not affect appellee's right to recover compensation from appellant's intestate.

We find no error in the proceedings, and since the evidence is legally sufficient to sustain the verdict, the judgment must be affirmed, and it is so ordered.